UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SILKE PALKUS,

    Plaintiff,

v.                                  Case No.  6:12-cv-1841-ORL-31TBS

JOHN MICHAEL COWDEN,

    Defendant.
_____/

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Compel Plaintiff's Deposition (Doc. 21) and Plaintiff's Opposition to Motion to Compel (Doc. 22).

## BACKGROUND

Plaintiff filed this case in this Court based upon diversity jurisdiction. (Id., ¶ 6). She is a German citizen currently residing in Switzerland. (Doc. 1, ¶ 3). On January 11, 2009, while driving a motor vehicle in Orlando, Florida, Plaintiff was rear-ended by a vehicle operated by Defendant, a citizen of Maryland. (Id., ¶¶ 9-12). Plaintiff alleges that Defendant's negligence was the cause of the collision in which she suffered permanent injuries. (Id., ¶13). Plaintiff seeks money damages in an amount in excess of $75,000. (Id., ¶ 1). Defendant answered Plaintiff's complaint on January 14, 2013. (Doc. 8). The Court entered its Case Management and Scheduling Order on February 21, 2013, establishing a November 11, 2013 deadline to complete discovery. (Doc. 13). On August 27, 2013, the Court entered an Amended Case

Management and Scheduling Order setting a new discovery deadline of February 11, 2014 and a mediation deadline of March 11, 2014.  (Doc. 20).

Between January 18 and November 14, 2013, the law firm representing Defendant made at least 16 attempts to schedule Plaintiff's deposition.  (Doc. 21, pp. 4-5).  Despite these efforts, Plaintiff has not provided any firm dates when she is available to be deposed.  (Id.).  On October 24, 2013, Defendant unilaterally set Plaintiff's deposition to occur on November 25, 2013 and asked Plaintiff to confirm by close of business on October 31, 2013 whether that date would work for Plaintiff and her lawyer.  (Doc. 23-2, p. 3-4).  On November 21, 2013, Plaintiff sent an email confirming that the November 25 deposition had been cancelled and that a video deposition would be set at a to-be-determined future date.  (Id., p. 3).  Defendant replied that Plaintiff could not cancel the deposition but that he would agree to the cancellation once Plaintiff provided dates for her in-person deposition.  (Id., p. 2).  Plaintiff did not respond, did not file a motion for protective order, and did not appear for her deposition on November 25, 2013.  (Doc. 23, p. 1).

Plaintiff maintains that in late September or early October 2013 she offered to pay the costs for her video-conference deposition to be taken in November, followed by an in-person deposition in January, 2014.[1]  Plaintiff states that she is unavailable for deposition in December because her husband has military service from December 2-4 and then the couple is going on a honeymoon from December 7-25, 2013.  (Doc. 22, FN. 2).  In addition, Plaintiff's lawyer may be called to trial in another case in which

---

[1] Plaintiff's response says January 2013 which the Court assumes is a scrivener's error.

event she will be unavailable during some part of December. (Id.). Plaintiff would like to minimize the number of trips she must make to Orlando, Florida in connection with this case. She suggests that Defendant's actions have been unreasonable, and she requests at least 30 days advance notice of her deposition so that she can procure her airplane tickets from Switzerland to Orlando, Florida well in advance to reduce her travel cost. (Doc. 21, p. 2; Doc. 22, p. 2).

DISCUSSION

Plaintiff has agreed to be deposed in the Middle District of Florida. The only issue is when Defendant can take Plaintiff's in-person deposition. The Court does not have the benefit of the full picture because while Plaintiff does not agree with Defendant's motion, she has elected not to engage in argument about the parties' prior communications. (Doc. 22, n. 1). Still, the Court's impression is that this controversy results from a simple lack of definitive communication.

For too long, Plaintiff was unresponsive or not fully responsive to Defendant's efforts to schedule her deposition. In October, Plaintiff offered to be deposed twice, first by video conference and later in person but Defendant did not agree. Parties can stipulate, or on motion the Court may order, that a deposition be taken by telephone or other remote means. FED. R. CIV. P. 30(b)(4). Plaintiff did not avail herself of the option of motioning the Court after Defendant declined her proposal.

Once Defendant unilaterally set Plaintiff's deposition for November 25, 2013, Plaintiff had four options. First, she could appear as scheduled and give her deposition. Second, she could seek and obtain Defendant's agreement to reschedule

the deposition. Plaintiff knew Defendant's agreement to reschedule was conditioned on Plaintiff providing firm alternative dates, which Plaintiff failed to do. Third, Plaintiff could file a motion for protective order. The fourth option, which Plaintiff chose, was to do nothing. Plaintiff offers no valid explanation or excuse for her conduct, and the Court finds that she wrongly failed to appear for the taking of her deposition on November 25, 2013. Under these circumstances the Court would ordinarily sanction Plaintiff by ordering her to pay Defendant's reasonable attorney's fees and other legal expenses caused by Plaintiff's failure to attend her deposition. FED.R.CIV.P. 37(d)(1)(A) and (3). But, Defendant has not requested sanctions. All that Defendant wants is the ability to depose Plaintiff in December, 2013. After due consideration, the Court GRANTS Defendant's motion except that Plaintiff shall appear in-person, in Orlando, Florida, for the taking of her deposition on or before January 10, 2014.

DONE AND ORDERED in Orlando, Florida, on November 26, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel